UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN KRUGER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THOR MOTOR COACH, INC., and DOES 1 THROUGH 10,<br><br>　　　　Defendants. | No. 2:19-cv-0926-KJN<br><br><br>ORDER TRANSFERRING VENUE |

Plaintiff Carmen Kruger filed the instant action in California state court, alleging two causes of action for breach of warranty; Defendant Thor Motor Coach removed to this Court on May 22, 2019.[1] (See ECF No. 1.) On July 17, Defendant submitted a motion to change venue to the Northern District of Indiana, citing to a forum selection clause. (ECF No. 11.) The matter was set for a hearing on August 22 (the same day as the initial status conference). (Id.; ECF No. 10.) On August 7, the parties submitted a "stipulation by all parties" to change venue. (ECF No. 13.) Therein, the parties referred to Defendant's earlier motion, and stated "Plaintiff reviewed Defendant's pending Motion and has consented to the transfer as requested." (Id. at ¶¶ 2–3.)

Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

---

[1] The parties consented to proceed before a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c). (ECF Nos. 7, 8.)

1

where it might have been brought or to any district or division to which all parties have consented." Forum selection clauses may be enforced through § 1404, and should be "given controlling weight in all but the most exceptional cases." Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 60 (2013).

Defendant requests transfer of Plaintiff's warranty claims to the Northern District of Indiana. (ECF Nos. 13.) Defendant cites to a provision of Plaintiff's warranty, which states:

> EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO ALLEGED BREACH OF WARRANTY OR REPRESENTATIONS OF ANY NATURE MUST BE FILED IN THE COURTS WITHIN THE STATE OF MANUFACTURE, WHICH IS INDIANA.

(See ECF No. 11–5 at p. 32.) Plaintiff did not respond to this motion, but instead signed on to a "Motion to Change Venue Stipulated by all Parties" filed by Defendant. (ECF No. 13.) Therein, Plaintiff asserts she "reviewed Defendant's pending Motion and has consented to the transfer as requested." (Id. at ¶ 3.) The Court construes this second "Motion to Change Venue" as a filing by Plaintiff consenting to the transfer. Without commenting on whether this action might have been brought in this district, the Court agrees with Defendant that because of the forum selection clause, this action might have been brought in Indiana, and gives it controlling weight. Atl. Marine, 571 U.S. at 60. Further, the Court recognizes Defendant's admission that Plaintiff's Song–Beverly claim is ripe for determination in Indiana, obviating the need to conduct an analysis as to whether this claim would suffer once transferred.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to transfer venue (ECF Nos. 11, 13) is taken under submission without oral argument pursuant to Local Rule 230(g), and the hearing is VACATED;
2. Pursuant to 28 U.S.C. § 1404(a), this action is TRANSFERRED to the United States District Court for the Northern District of Indiana in South Bend;
3. The status conference set for 8/8/2019 is VACATED; and
4. The Clerk of Court is directed to administratively close the case in this district.

Dated: August 9, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE